William I. KOCH, et al., Plaintiffs,

v.

KOCH INDUSTRIES, INC., et al.,

No. 85–1636–SAC.

United States District Court,
D. Kansas.

Feb. 6, 1998.

Clifford L. Malone, Adams, Jones, Robinson & Malone, Wichita, KS, Thomas E. Wright, Wright, Henson, Somers, Sebelius, Clark & Baker, LLP, Topeka, KS, Harry L. Najim, Najim Law Offices, Wichita, KS, John T. Hickey, Jr., Alex Dimitrief, Kirkland & Ellis, Chicago, IL, Joseph F. Ryan, Lyne, Woodworth & Evarts, Boston, MA, Fred H. Bartlit, Jr., Batlit, Beck, Herman, Palenchar & Scott, Chicago, IL, Donald E. Scott, Ellen A. Cirangle, Bartlit, Beck, Herman, Palenchar & Scott, Denver, CO, for William I. Koch, Oxbow Energy Inc., Spring Creek Art Foundation Inc., Northern Trust Co.

Clifford L. Malone, Adams, Jones, Robinson & Malone, Wichita, KS, Harry L. Najim, Najim Law Offices, Wichita, KS, Gregory S. C. Huffman, L. James Berglund, II, Thompson & Knight, Dallas, TX, for L. B. Simmons Energy Inc., Gay A. Roane, Ann Alspaugh, Paul Anthony Andres Cox, Holly A. Andres Cox Farabee.

Clifford L. Malone, Adams, Jones, Robinson & Malone, Wichita, KS, Harry L. Najim, Najim Law Offices, Wichita, KS, Russell E. Brooks, Milbank, Tweed, Hadley & McCloy, New York, NY, for U.S. Trust Co. of N.Y., Frederick R Koch.

Clifford L. Malone, Adams, Jones, Robinson & Malone, Wichita, KS, Harry L. Najim, Najim Law Offices, Wichita, KS, Gregory S. C. Huffman, L. for Marjorie Simmons Gray, Marjorie L. Simmons.

Stephen M. Joseph, Redmond & Nazar, L.L.P., Wichita, Michael Paul Kirschner, Lee & Kirschner, P.L.L.C., Oklahoma City, OK, for Louis Howard Andres Cox, Nationsbank N A, co-trustee of Louis Howard Andres Cox Trusts B & D.

James M. Armstrong, Robert L. Howard, Timothy B. Mustaine, Foulston & Siefkin L.L.P., Wichita, KS, Donald L. Cordes,.Koch Industries, Inc., Wichita, KS, for Koch Industries Inc., Charles G. Koch.

James M. Armstrong, Robert L. Howard, Timothy B. Mustaine, Foulston & Siefkin L.L.P., Wichita, KS, for Sterling V. Varner, David H. Koch, Donald L. Cordes, Thomas M. Carey.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

This order is to explain briefly those changes made to the court's proposed final pretrial order before it was filed. On January 14, 1998, the court issued a memorandum and order that ruled upon certain issues taken from the parties' proposed pretrial order which the parties had been asked to brief. (Dk. 658). To its decision, the court attached the parties' proposed pretrial order and the court's proposed final pretrial order. (Dk. 658). The latter attachment not only included the court's rulings on the parties' remaining objections to the proposed pretrial order but it also included the court's suggested changes. The court gave the parties until January 26, 1998, to file any written objections and/or comments concerning the court's suggested changes.

On January 23, 1998, the defendants filed a motion to strike from the plaintiffs' latest itemization of damages any damages for the undervaluation of KII's disclosed earnings. (Dk. 660). The plaintiffs filed on January 26, 1998, their comments on the court's changes. (Dk. 661). The court then gave the parties until February 3, 1998, to respond to the opposing side's filings. By telephone, the defendants' counsel informed the court that they had no objection to the plaintiffs' comments and suggested changes. On February 3, 1998, the plaintiffs filed and faxed to the judge's chambers their response to the plaintiffs' motion to strike. (Dk. 673).

As there was no objection from the defendants, the court made those changes suggested and requested by the plaintiffs. The court's prior proposed changes struck certain language from the plaintiffs' factual contentions on the basis that they were open-ended allegations and that the defendants were "entitled to know [from the pretrial order] the substance of all alleged material misrepresentations and omissions" that the plaintiffs considered to be part of their claims for relief. The plaintiffs subsequently asked to substitute seven paragraphs of allegations for the one paragraph that the court modified. The court did make that substitution, as the defendants did not object.

The court, however, has made additional changes to the plaintiffs' factual contentions based on the plaintiffs' most recent comments. The plaintiffs now further explain the intended scope of the last paragraph of their contentions under the Pine Bend Refinery section:

> The Court's comment regarding plaintiffs' paragraph setting forth misrepresentations also mentions the alleged material omissions. ("As of the pretrial order, the defendants are entitled to know the substance of all alleged material misrepresentations and omissions.") Plaintiffs had summarized the alleged omissions in both the paragraph immediately before and the paragraph immediately after the paragraph that the Court edited, where the quoted comment appears. Since the Court made no edits to or comments regarding the paragraphs setting forth defendants' omissions, plaintiffs assume that the Court found those paragraphs regarding alleged omissions to be acceptable in form. In the event plaintiffs have misunderstood the Court's intent, plaintiffs request clarification from the. Court and an opportunity to correct or supplement their statement of facts.

(Dk. 661, pp. 3–4).

Not until the plaintiffs explained their intent behind this paragraph did the court understand it to be the plaintiffs' summary of claims for material omissions. Rather, the court believed the paragraph simply summarized certain evidence that the plaintiffs intended to use in proving the misrepresentations alleged in the prior paragraph. The court's erroneous understanding, in part, results from the plaintiffs' introductory sentence to this latter paragraph: "Contrary to these statements, defendants hid from the selling shareholders their actions and plans

to increase the capacity of the Pine Bend Refinery ...." The court's misunderstanding is also due in part to what the plaintiffs argued during the summary judgment proceedings:

Defendants now argue it [Williams Pipeline reversal] is a "new claim." That is nonsense. Defendants' undisclosed project to reverse the Williams Pipeline is part of the evidence proving defendants said things that were not true at the March 1983 Board and shareholder meetings, as pleaded.... The Williams reversal is *evidence* to prove the pleaded allegations—to prove that the March 1983 statements were untrue. It is not a *claim,* and defendants call it a "new claim" only to fit their *ad hominem* attack on the plaintiffs.

(Plaintiffs' Objections to Impermissible Evidentiary Arguments, Dk. 605, p. 12).[1]

Now that the court understands the plaintiffs' last paragraph under the Pine Bend Refinery section to allege material omissions by the defendant, the court believes language in that paragraph needs modification so that all can know the substance and scope of what the plaintiffs allege to be material omissions. The necessary changes are reflected below:

Contrary to these statements, defendants hid from the selling shareholders their actions and plans to increase the capacity of the Pine Bend Refinery, to maintain or increase refining margins while simultaneously increasing volumes—despite the industry's downward trend—and to gain access to greater volumes of low-priced Canadian crudes. Defendants' plans also included delivering and selling the increased Pine Bend output into existing and new market territories to be accessed more effectively by the reversal of the direction of flow of the Williams Pipeline. Defendants expected that the Refinery's undisclosed plans for large capacity increases would be highly profitable. Defendants failed to disclose these plans at the March 1983 meetings or prior to the June 1983 stock sale. Defendants did not disclose their true capital budget for expanding the crude capacity of the Refinery in 1983 and later years. Defendants did not disclose how their plans would increase the value of the Refinery.

As amended, the court considers this paragraph along with the first paragraph under this section of the pretrial order to be all of the Pine Bend Refinery material omissions, and not just a representative summary of the material omissions, on which the plaintiffs are proceeding to trial.

Although general terms like "actions" and "plans" are of some concern, the court believes the paragraph fairly limits those terms to the particular items listed therein. With this clarification of the court's position, the plaintiffs are entitled to an opportunity to respond. The court will give the plaintiffs until February 12, 1998, to file their response and fax the same to the judge's chambers and the defendants' counsel. The court will give the defendants until February 18, 1998, to file their response and fax the same to the judge's chambers and the plaintiffs' counsel. The court has filed the final pretrial order but with the reservation noted here that the court may later modify this paragraph of the plaintiffs' factual contentions after considering the parties' filings.

The only other significant change[2] to the final pretrial order concerns the subject of the defendants' motion to strike. After fully considering the matters submitted and having researched the relevant law, the court sustains the defendants' motion. The court

---

1. The plaintiffs filed this objection in May of 1994, more than six months after they submitted their proposed pretrial order that contained the same allegations that the plaintiffs now consider to be a claim for material omissions and not just evidence in support of misrepresentations claim.

2. The court also made the following minor changes. It added the highlighted language to this sentence found in the Discovery section of the pretrial order: "Plaintiffs may be entitled during trial to obtain evidence of defendants' financial worth under the conditions stated in the Court's order of August 24, 1992, ~~and subject to any further orders of the court.~~" It also modified the language found in the Witnesses and Exhibits section of the pretrial order: "Counsel will list and exchange proposed exhibits no later than ~~March 13, 1998~~ the dates required by the court's order (Dk. 659) filed January 23, 1998."

will issue forthwith another order that will explain the reasons behind this decision.

IT IS SO ORDERED.